Judge Burnet’s
dissenting opinion:
The statement of facts on which this case was submitted pi’osents but a single question, whether a person “who will be likely to become a public charge,” and who has been legally warned by the overseers of the poor of the township into which he removes, within the term proscribed by the statute, can afterward acquire a settlement in that township, by being suffered to reside therein a year after such warning, without being warned a second time. Or, in other words, whether it is the duty of the overseers to repeat the warning from time to time, so as to prevent an interval of twelve months between such warning.
That part of the statute which relates to this question is in the following words: “That any person or persons residing one year in any township of this state, without being warned by the overseers of the poor for such township to depart the same, shall be considered as having gained a legal settlement in such township. And the overseers of the poor on receiving information that any person has come within the limits of thoir township to reside, who will be likely to become a township charge, shall issue their warrant or order to any constable of the township, commanding *165 such constable to warn, such person to depart the township.” The first branch of this section provides how a person moving into a township may acquire a ■ legal settlement therein ; and the second prescribes the duty of the overseers, on receiving information that any suspected person has come to ^reside within the limits of their township. By the first a residence of one year, without being warned, gives a settlement. This, I apprehend, relates exclusively to the first year of their residence. If a person shall reside one year in any township, that is, if he shall come into a township and reside therein one entire year thereafter, he shall, at the expiration of that year acquire a settlement, unless he shall have been warned in the interval; but if he shall have been warned within that year, the law gives him no right. It does not provide for a second term, -within which he may acquire a right by residence under any circumstances.
By the common law paupers have no claims on public officers or public funds. They are to depend on private benevolence and the charity of well-disposed Christians. The right of receiving a support from the township treasury is given by the statute, and it can be claimed in those cases only which come clearly within the statute. The period from which the time of residence that will give a settlement must be calculated, is the day on which the the pauper came into the township to reside; and the question whether he acquires a settlement or not depends on the fact whether he is or is not warned within that' time. If he is not warned he acquires the right; but if he is he does not acquire it. The warning within the year excludes the right and the possibility of subsequently acquiring it.
If the question be asked, did this pauper,-after she removed into Stock township to reside, remain there a year without being warned ? The answer must be she did not; she was warned before the year expired. This being the fact, her subsequent residence, in my view, has nothing to do with the case. On being once legally warned, it was proper for her to return to the place of her last settlement. Her subsequent residence in the township, though permitted, was at her peril, and instead of' securing to her privileges under the law, subjected her to the penalty of being removed by force when the proper period for so doing should arrive. In the meantime she was an intruder, and in that character acquired no rights.
*166 The object of the law was the protection of townships from the charge of supporting persons who have no legal claims on them, and at the same time to apprise such ^persons that they can not acquire a legal claim to support by continuing to reside in the township; for which purpose the first warning within the year is altogether sufficient.
The second branch of the section, which relates to the duty of the overseers, requires them to give but one notice or warning, and it fixes the time when it becomes their duty to give that warning. They must do it on receiving information that a person, who is likely to become chargeable, has come within their town-, ship to reside, and they are not required, under any circumstances, to repeat it. "When it has once been given within the time designated, the officers have discharged their duty, and nothing more is required of them until the suspected person becomes a public charge. Then, and not till then, it is made their duty to remove him. In the interim he may remain where he is, but always liable to be removed when he ceases to have the means of self-support.
If a repetition of the warning had been intended it would have been provided for. If, at the expiration of a year from the first warning, the pauper is to be considered as having come again into the township, and if a knowledge of his continuance by the overseers is to be considered as fresh evidence of that fact, the legislature ought to have said so, and should have made it the duty of the officers to repeat the warning in proper season. Rut as the law now stands, if they have warned the pauper once within the time prescribed, it is made their duty to remove him, when he shall become chargeable, whether more or less than a year has elapsed since the warning was given ; there is no limitation as to time.
It appears to me that the construction put on the first part of the section is inconsistent with the only construction that can be given to the concluding part of it. We are required to construe statutes so that every part may stand, if it be possible, and one part of a statute frequently points out the construction that must be given to another. The first part of the section in question is carelessly drawn, but taken in connection with the concluding part, the meaning of it is apparent. Residing one year must mean a year from the time when a suspected person first comes *167 into the ^township to reside, and with this qualification the case presents no difficulty.
It is generally admitted that the sense of a statute is not. changed by transposing the parts of it. In this case, it appears to me that the parts of section 4 are not placed in their natural order. By changing the order the section will read thus: “ The overseers of the poor, on receiving information that any person has come within the limits of their township to reside, who will be likely to become a township charge, shall issue their warrant or order to any constable of the township, commanding said constable forthwith to warn such person to depart the township by reading said warrant, etc.; and any person or persons residing one year in any township in this state, without being warned by the overseers of the poor for said township to d.epart the same, shall be considered as having gained a legal settlement in such township.” On this reading it seems to be evident that the gaining of a settlement is the consequence of not being warned within a year after the person first moves into the township, that being the only warning required, and consequently the only one referred to, and on this supposition it must follow that a warning within the year excludes a settlement.